FRANK H. CALLAWAY *vs.* FOREST PARK HIGH-
LANDS COMPANY.

*Easement of Right of Way Appurtenant to Land Granted—
Recovery in Ejectment.*

While an action of ejectment cannot be maintained for an ease-
ment alone, the easement can be recovered in an action of
ejectment for the land to which it is appurtenant, and the
delivery by the sheriff of the possession of the land carries
with it the possession of the easement.

When a deed conveys a lot of ground for a sewerage plant, and
also a right of way in adjacent land for the sewer pipes, the
easement of the right of way is essential to the proper enjoy-
ment of the land granted, and is appurtenant thereto.

A deed conveyed a lot of ground containing about one acre, and
also a right of way in adjacent land subject to an agreement
by which the right of way had been conveyed to a former
owner for the purposes of a proposed sewerage system. The
*habendum* clause was, to have and to hold the right of way
and lot of ground to the use of the grantee, his heirs and as-
signs, in fee simple. *Held,* that under this deed the grantee
acquired an easement in the land described in the right of
way, and not the fee simple estate.

*Held,* further, that the right of way is an easement appurte-
nant to the land, and not an easement in gross.

*Held,* further, that in an action of ejectment, the grantee is
entitled to a judgment for the right of way as appurtenant
to the lot of ground also conveyed by the deed.

*Decided March 31st, 1910.*

Appeal from the Superior Court of Baltimore City.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*T. Rowland Slingluff,* for the appellant.

*Richard B. Tippett* and *J. Royall Tippett,* for the appellee, submitted the cause on their brief.

THOMAS, J., delivered the opinion of the Court.

This is an action of ejectment to recover a lot of land and right of way alleged to be partly in Baltimore City and partly in Baltimore County, and the appeal is from a judgment on a demurrer to the declaration in favor of the defendant.

The deed for the property is set out in full in the declaration, and is as follows:

"This deed, made this 14th day of May, in the year 1903, by and between George R. Webb and Mary C. Webb, his wife, of Baltimore City and the State of Maryland, as parties of the first part, and Frank H. Callaway, of said City and State, party of the second part.

Witnesseth, that in consideration of the sum of five dollars, the receipt of which is hereby acknowledged, the said George R. Webb and Mary C. Webb, his wife, do grant and convey unto the said Frank H. Callaway, his heirs and assigns, all that right of way and parcel of ground situate partly in Baltimore City and partly in Baltimore County, and described as follows:

Beginning for said right of way at a point on the south side of the Baltimore and Liberty turnpike road, being the intersection of the south side of said turnpike road with the centre line of Granada avenue, an avenue to be laid out, said point being 600 feet north, 62° 20′ west along the Liberty road from the intersection of the south side of said turnpike road with the centre line of Oakfield avenue as now existing; thence along the centre of Granada avenue south 27° 40′, west 1,992 and 2/10 feet, with an even width of 3 feet and a depth below the grade of Granada avenue as now established of at least 2½ feet at all times during its course, until it intersects the

south side of Forest avenue as existing; thence south 17° 13',
west 1,171 and ½ feet, along the centre of a proposed avenue,
with said even width of three feet and depth of 2½ feet to a
point, being the intersection of said centre line with the centre
line of another proposed avenue; thence along the centre of
said proposd avenue 75° 31', west 757 and ½ feet, with said
even width of 3 feet and depth of 2½ feet, to intersect the east
side of a lot of ground sold to the Improvement Company and
described as follows:

Beginning for the same at a stone in the outline of the whole
tract of land known as Oakfields where the said outline would
be intersected by a line drawn southeasterly from the southeast
side of Forest avenue parallel with Liberty Turnpike road and
2,940 feet southwesterly therefrom; and running thence north
17° 13', west 115 feet to the centre line of the right of way for
the sewerage system heretofore granted; then still north 17° 13'
west 85 feet to a stake; thence south 75° 31' west 200 feet to
a stake; thence south 17° 13' east 273 feet to a fence; thence
along said fence north 55° 24' east 209 and 1/10 feet to the
place of beginning, containing one acre of land more or less.

Being the same lot of ground which was described in a deed
dated the 19th day of March, A. D. 1903, and recorded among
the Land Records of Baltimore City prior hereto, from the
United Land and Improvement Company of Baltimore City to
George R. Webb.

The mention of streets and avenues herein is for the purpose
of description alone and not for dedication.

Together with the buildings and improvements thereupon
erected, made or being, and all and every the rights, ways,
waters, privileges and appurtenances and advantages thereto
belonging or in anywise appertaining.

To have and to hold the above granted right of way and lot
of ground, together with the rights and appurtenances afore-
said, unto and to the proper use and benefit of the said Frank
H. Callaway, his heirs and assigns, in fee simple forever.

Subject, however, to the terms and conditions of the agree-
ment entered into by Fielder C. Slingluff *et al.,* trustees, and
the United Land and Improvement Company of Baltimore City,
a copy of which agreement is attached to the deed from the
said Fielder C. Slingluff *et al.,* trustees to the United Land and

Improvement Company of Baltimore City, dated August 15th, 1901, and recorded among the Land Records of Baltimore City in Liber R. O. No. 1916, folio 296, etc.

And the said George R. Webb and Mary C. Webb, his wife, do hereby covenant that they will warrant specially the lot of ground and right of way hereby intended to be conveyed, and that they will execute such further assurances of the same as may be requisite."

The agreement referred to in the deed, and filed as a part of the declaration, is between the trustees under the will of Frances Slingluff, deceased, of the first part, and the United Land and Improvement Company of Baltimore City, of the second part, and provides that "the parties of the first part agree to sell, and the party of the second part agrees to buy the following described right of way for the purpose of laying a system of sewerage known as the 'Septic System,'" which right of way is described as in the deed, "and the following described acre of land for the purpose of constructing thereon the necessary buildings and tanks to said sewerage system" which land is described as it is in the deed. The agreement further provides as follows:

"And the said party of the second part agrees to pay therefor the sum of five hundred dollars ($500) immediately upon ratification by the Circuit Court of Baltimore City of the trustees' report of sale of the above-described right of way and parcel of land.

"And the party of the second part further agrees with the parties of the first part that the parties of the first part, for themselves, their successors in said trust and assigns, shall have at all times the right to tap and enter, for purposes of drainage, and all other purposes for which said pipes may be used by the party of the second part, the pipes to be laid down in the right of way hereby sold to the party of the second part; and the right of entry into and tapping of said pipes shall belong to the entire property of the parties of the first part, known as 'Oakfields' and situate partly in Baltimore City, and partly in Baltimore County, as an easement running with the land, and shall extend as such to all persons or corporations who have or may purchase parts thereof or in any way become

entitled thereto, and that all houses built or to be built upon parts of said property shall possess said rights of entry forever until the same is abused and the proper enjoyment thereof by all the parties hereto, their successors or assigns, interfered with, when the right hereby reserved shall cease to belong to the party or parties so abusing the same.

"And the party of the second part agrees with the parties of the first part to keep said pipe line in thorough repair at all times, and not to allow the same to become, in manner, a nuisance to the adjoining property.

"And the party of the second part further agrees that if at any time itself, its successors or assigns, shall cease for a period of thirty days to use said right of way hereby granted for the purpose of operating a septic system of sewerage, the said right of way and the acre of land, more or less, of ground hereby sold, shall revert to the parties of the first part, and the parties of the first part shall have the right to re-enter upon said right of way and parcel of ground and take possession of the same, and hold it as if this agreement had never been made."

It is stated in the brief of the appellant that the Court below held that the grant of the right of way mentioned in the deed conveyed to the plaintiff (the appellant), an easement in the land described while the appellant contends that he thereby acquired the fee. We think the Court below was clearly right, and that the manifest intention of the grantors, as gathered from the whole deed, was to convey to the grantee the lot of land mentioned, and an easement or right of way from said lot through the land described for the pipes of the proposed sewerage system. In the granting clause of the deed the property conveyed is described as a "right of way and parcel of ground," and the right of way is then described as beginning at the intersection of the south side of the Baltimore and Liberty Pike and the centre line of an avenue "to be laid out," called Granada avenue, and thence along the centre line of said proposed avenue, "with an even width of 3 feet and depth below the grade of Granada avenue as now established of at least 2½ feet at

all times during its course" until it intersects the south side of "Forest avenue as existing;" thence along the centre of a proposed avenue "with said even width of 3 feet and depth of 2½ feet to" the intersection of said centre line and the centre line of another proposed avenue, and thence along its centre line, of said width and depth, to the "lot of ground sold to the improvement company," etc. In the description of the lot of ground, which is described as "containing about one acre of land more or less," the right of way granted is referred to as the "right of way for the sewerage system heretofore granted."

In describing this right of way as being 3 feet wide and 2½ feet deep along the centre line of the avenues, the grantor obviously meant to grant only a right of way for the sewerage pipes, and could not have intended to convey the fee in the strip of land three feet wide along the entire of the proposed avenues. While the lot conveyed is referred to in the deed as "a lot of ground" containing one acre of *land,* etc., the three feet strip along the centre line of the avenues is not described as *land* but as "a right of way for the sewerage system." The deed purports to convey a lot of ground and a right of way, clearly indicating that, in the mind of the grantors, they did not mean the same thing. The terms employed properly describe the thing granted, and while the owner of land may convey the fee in a strip of land to be used as a right of way, where the grant is in terms of a right of way only, it should not be construed to include the land, unless an intention to convey the fee appears. *The Redemptorists* v. *Wenig,* 79 Md. 348; *Baker* v. *Frick, 45* Md. 337.

The appellee relies on the *habendum* clause. But the right of way and lot of land were both conveyed to the grantee, "his heirs and assigns," and the grantor did not intend by the *habendum* clause, which includes in its terms the "above granted right of way and lot of ground," to convert the grant of the right of way into a grant of the land itself. We do not regard that clause as being in conflict with the premises of the deed. Properly construed it meant that the right of way

and the lot of land were both to be held and enjoyed by the grantee, his heirs and assigns, forever. Where, however, the *habendum* clause is in conflict with the plain and unambiguous term of the grant in the premises of a deed, the latter must prevail. *Budd* v. *Brooke et al.,* 3 Gill, 196; *Marshall* v. *Safe Deposit Co.,* 101 Md. 12.

Having determined that the deed conveyed only an easement in the land through which the right of way was granted, since the cases of *Nicolai* v. *Baltimore City,* 100 Md. 579, and *Canton Co.* v. *Baltimore City,* 106 Md. 69, it may be regarded as the settled law of this State that you cannot maintain an action of ejectment to recover an easement or incorporeal right alone.

But in *Nicolai's Case* JUDGE PEARCE, in support of the decision there made that ejectment will not lie to recover an easement, quotes the language of JUSTICE HOLROYD, in *Crocker* v. *Fothergill,* 2 Barnwell and Alderson, 661, as follows: "Although an ejectment will not lie for a liberty and privilege alone, which is a mere incorporeal hereditament, yet when an ejectment is brought for land, and liberties and privileges are appurtenant to the land, the latter may be recovered with the land, because you may recover in ejectment all incorporeal things included in the demise though an ejectment will not lie for the incorporeal things alone." Mr. Chitty, after stating that ejectment "is not generally sustainable for the recovery of property which in legal consideration *is not* tangible as for an avowson, rent, common in gross, or other incorporeal hereditament," says: "But ejectment lies for common appendant or appurtenant if demanded as such, with the land in respect of which it is claimed, for the sheriff, by giving possession of the land, gives possession of the common." 1 *Chitty on Pleading,* 187-188 (13th Am. ed.). And in the form of a declaration in ejectment given in the third volume of said edition of his work, the land is described "with the appurtenances." In the forms of judgments in ejectment, found in 2 *Evans Harris.,* pages 356, 357 and 362, the judgment is for the land and its appurte-

nances, and in the writ of *habere facias possessionem* (page 440), the sheriff is commanded to deliver to the plaintiff possession of "the land and premises, with the appurtenances," etc.   While, therefore, an action of ejectment cannot be maintained for an easement alone, the easement may be recovered in an action of ejectment for the land to which it is appurtenant, and the delivery by the sheriff of the possession of the land carries with it the possession of the easement.

It remains, then, to be determined whether the easement or right of way conveyed by the deed is appurtenant to the land conveyed, or is what is sometimes called an easement in gross.

It is said in 10 *Am. & Eng. Enc. of Law,* 405 (2nd. ed) : "Whether an easement in a given case is appurtenant or in gross is determined mainly by the nature of the right and the intention of the parties creating it but the Courts favor the construction of grants of these rights as appurtenant rather than in gross, and if the right in question is in its nature an appropriate and useful adjunct of the land conveyed, having in view the intention of the grantee as to its use, and there being nothing to show that the parties intended it to be a mere personal right, it should be held to be an easement appurtenant to the land, and not an easement in gross."   It is stated in 14 *Cyc.,* 1141, that: "The question whether an easement is a personal right or is to be construed to be appurtenant to some other estate must be determined by the fair interpretation of the grant or reservation, creating the easement aided if necessary by the situation of the property and the surrounding circumstances; and here, in the case of a right of way, the *terminus ad quem* is of especial significance."   In the case of *Horner* v. *Keene,* 177 Ill. 390, 52 N. E., 492, the Supreme Court of Illinois said: "A right of way will never be presumed to be in gross where it can fairly be construed as appurtenant."

The easement in this case, it is true, was granted to the grantee, his heirs and assigns, but it was never intended to

be used except in connection with the lot of land conveyed to the grantee, and is necessary in order that the land may be used for the purposes for which it was granted. The grant of the right of way is made subject to the terms of the agreement, which expressly provides that in the event that the right of way and lot of land cease to be used "for the purpose of operating a septic system of sewerage," they shall revert to the grantors. The land was purchased with the view of constructing thereon the necessary buildings and tanks for the proposed sewerage system, all of which would be useless without the right of way in question. Being essential to the proper enjoyment of the land granted, it should be held an easement appurtenant to the land, and as such may be recovered in an action of ejectment for the land.

We are not to be understood as in any respect qualifying the doctrine announced in *Nicolai's Case.* A party may maintain an action for an unlawful obstruction of his easement in the land of another, and, in a proper case, may obtain an injunction to prevent such an obstruction, but ejectment will not lie to test his right to or to recover possession of his easement. This is so because the easement is incorporeal and intangible, and is not susceptible of actual possession, the owner of the servient estate being entitled to the possession of the land over or through which the right exists, subject, of course, to the burden of the easement. Where, however, the easement is appurtenant to the land, a recovery in ejectment of the land carries with it, in legal contemplation, the possession of the incorporeal right or easement appurtenant thereto, so far as it may be possessed, because it inheres in the land.

We must for the reasons stated, reverse the judgment of the Court below, and remand the case.

> *Judgment reversed with costs, and new trial awarded.*