CAROLINE GREENBAUM, Widow, HARRY S.
GREENBAUM and LEON E. GREENBAUM,
Trustees, and in Their Own Right,

*vs.*

CHARLOTTE TAYLOR HARRISON and FRANK T.
HARRISON, Her Husband.

———

CHARLOTTE TAYLOR HARRISON and FRANK T.
HARRISON, Her Husband,

*vs.*

CAROLINE GREENBAUM, Widow, HARRY S.
GREENBAUM and LEON E. GREENBAUM,
Trustees, and in Their Own Right.

*Equity : jurisdiction ; title to real estate. Estoppel : encroach-
ments on land ; title known to both sides. Easements :
obstructions ; rights in common with
others ; damages.*

Equity has no jurisdiction to determine a mater involving a
real disputed question of title to real estate.          p. 38

But where there is no real dispute as to the legal and record
title, there is no occasion to require the parties to resort to a
court of law for its adjudication.                        p. 38

The principle of estoppel does not apply to an encroachment
on land, the title to which is equally well known or is equally
open to both sides.                                       p. 41

The measure of damages in action for injury caused by interference with an easement is the amount of loss caused to the plaintiff by the acts complained of; it includes such consequential damages as are closely connected with the injury and are the immediate result of it.                        p. 42

Where the obstruction of an alleyway is the obstruction of a right the plaintiff has in common with others, the plaintiff is entitled only to such damages as he suffers in common with others.                        p. 43

Adversary possession does not begin to run against reversioners or remaindermen until the termination of the life estate, subject to which their right of entry is postponed.        p. 41

*Decided January 15th, 1918.*

Cross-appeals from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The causes were argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, STOCKBRIDGE and CONSTABLE, JJ.

*Jesse Slingluff* and *William L. Marbury,* for Charlotte T. Harrison *et al.*

*C. Alexander Fairbank, Jr.,* and *Leon E. Greenbaum,* for Caroline Greenbaum *et al.*

BRISCOE, J., delivered the opinion of the Court.

There are two appeals in the record now before us, but as they are from the same decree they will be considered and disposed of in one opinion.

The controversy grows out of and relates to the use in common of a four-foot alley and a thirty-foot court leading into German street, and the use of which the plaintiff claims,

in connection with a lot and building owned by her and known as No. 13 German street, Baltimore City.

The questions in the case are presented by a bill in equity, wherein certain definite and specific relief is asked by the plaintiff—first, that she may be restored to and confirmed in her rights in the alley and court; second, that the defendants may be required to take down and remove all the walls or other obstructions they have put or caused to be put in or upon the bed of the alley four feet wide or in or upon the bed of the thirty-foot court, so as to leave the same wholly unoccupied by or with any of the walls or obstructions; and, third, that the defendants may be enjoined from preventing or interfering with the free and unobstructed use in common of the thirty-foot court and alley four feet wide by the plaintiff and all others, the holders, possessors and occupiers of the premises now or formerly known as No. 13 West German street, as described in the bill.

The defendants answered the bill, and for a defense contend, first, that the lower Court was without jurisdiction to grant the relief sought by the bill, because a disputed question of title is presented and involved in the decision; second, because the easement over the thirty-foot court and alley has been abandoned, if not by the estate of Robert A. Taylor, then by the plaintiff since her acquisition of the property; third, because the easement has been lost by an adversary possession which binds the trustees, life tenant and remaindermen under the will of Robert A. Taylor; and, fourth, that they own the fee simple estate to the bed of the thirty-foot court, and also all of the property on the east and west sides of the court, which is all of the property that has any practical use of the court.

The case was heard by the Court below upon bill, answer and proof, and from a decree dated the 23rd of March, 1917, both the plaintiffs and the defendants have appealed.

The lower Court held upon the pleadings and evidence that the legal right to the use in common with the abutting

owners of the four-foot alley and a certain part of the thirty-foot court remained vested in the plaintiff, and her right was not ousted by any adversary possession on the part of the defendants or their predecessors in title. The Court was also of the further opinion that the damage which would result to the defendants from a decree requiring them to remove the buildings which had been constructed upon parts of the alley and court would be out of any reasonable proportion to the injuries caused to the plaintiff by the presence of the buildings, and declined to order the removal of the buildings constructed thereon prior to the institution of the suit.

The decree, as passed and as here appealed from, is as follows: That the plaintiff is entitled to the free use, in common with the defendants, of the court and alley except in so far as the court and alley are, or either of them, is actually occupied by buildings or parts of buildings constructed or located therein prior to the institution of this suit, and the defendants are hereby restrained and enjoined from establishing or maintaining or continuing to maintain any gate or other obstruction other than the building or walls of buildings which are now built upon the court and the alley which would interfere with the use by the complainant of the parts of the alley and the court, and it appearing to the Court from the evidence that the damage done to the property of the complainant bordering upon the court or the alley by reason of the construction of the buildings or parts of buildings in the bed of the same by the defendants is nominal only. It is thereupon further adjudged, ordered and decreed that the plaintiff recover from the defendants the sum of one dollar ($1.00) and the costs of this suit.

We will first consider the objection by the defendants to the bill upon the question of jurisdiction, and that is, whether the proceedings in this case involves a real, disputed question of title to the easement in question, because if that be true it is too clear for argument that a court of equity would

be without jurisdiction to determine it and could not grant the relief sought by the bill until the title had been established at law.

The law upon this question has been settled by a long line of adjudications in this Court, and a reference to a few of the leading cases will be sufficient. *Clayton* v. *Shoemaker,* 67 Md. 216; *Gulick* v. *Fisher,* 92 Md. 364; *Whalen* v. *Dalashmutt,* 59 Md. 250; *Bernei* v. *Sappington,* 102 Md. 190; *Arey* v. *Baer,* 112 Md. 542.

In the present case, however, the plaintiff's legal and record title to the easement in question is practically undisputed and is free from any reasonable doubt, and there was no occasion to require the parties to resort to a court of law for its adjudication, as was done, under a different state of facts, in the cases just cited.

In *Oberheim* v. *Reeside,* 116 Md. 274, this Court held, in a case involving a question of jurisdiction, that when the legal title sought to be protected is not doubtful the case is a proper one for redress in a court of equity.

"We do not find here," said the Court, "sufficient ground of objection to the plaintiff's title to justify us in subjecting them to the expense and delay of a preliminary proceeding at law, and that where a trespass works a destruction of the estate in the character in which the complainant was entitled to enjoy it, a proper case is presented for relief by injunction." *White* v. *Flannigain,* 1 Md. 525; *Balto. Belt Co.* v. *Lee,* 75 Md. 596; *Long* v. *Ragan,* 94 Md. 464.

In the present case, there is no real question of any controverted fact, or evidence enough to show any ground, for dispute as to the execution or delivery of the deeds as far back as 1833 creating and providing for the easement in question or as to the valid title of the plaintiff to the lot and land to which it was to be appurtenant. There is no real issue of adverse user by the defendants that would defeat the plaintiff's record title on such grounds of objection, as would entitle the defendants to have the plaintiff resort to a court of

law for its determination and to subject her to the expense and delay of a preliminary proceeding at law.

We are, therefore, of opinion, from the pleadings and evidence, that the plaintiff has presented a proper case for relief in a court of equity, and the Court below was right in sustaining the bill. *Callaway* v. *Forest Park Co.,* 113 Md. 7; *Nicholai* v. *Baltimore City,* 100 Md. 579; *Canton Co.* v. *Baltimore City,* 106 Md. 69.

The record contains a large amount of testimony introduced for the purpose of supporting the various contentions of the respective parties, but we do not deem it necessary for the purposes of the conclusion we have reached, upon the main branch of the case, to discuss it in detail or to set it out at length.

It is very clear and manifest, from the pleadings and the evidence that the period of adversary possession did not run against the plaintiff until the death of Louisa C. E. Taylor, the life tenant under the will of Robert Taylor, because she had no right of entry until the death of the life tenant. It appears that Robert Taylor, the testator, died in 1863, leaving a last will and testament by which he devised the property known as 13 West German street, with its appurtenant rights, the right of the user in the alley and court here in question, to trustees to be held in trust during the life of his daughter, Louisa C. E. Taylor, with remainder over to the persons designated by her will. Louisa C. E. Taylor, the life tenant, died in 1909. From the death of the testator until the death of the life tenant it appears that the title to the property and the right of entry thereto was vested in the trustees subject to the provisions of Mr. Taylor's will.

The title of the plaintiff to the property and the easement in question is derived, under the will of Louisa C. E. Taylor, and the property is described in a deed dated the 25th of April, 1911, from James W. Denny *et al.,* trustees, to the plaintiff, and is as follows: All that lot of ground and prem-

ises known as "Number Thirteen West German street, which by deed dated the 20th day of June, 1835, and recorded among the Land Records of Baltimore County (now City) in Liber T. K. No. 250, folio 16, etc., was granted and conveyed by said William Lorman to said Robert A. Taylor in fee simple (and especially the use in common and all other the rights of the parties hereto in and to that alley four feet wide which is mentioned in said last recited deed), excepting only such part thereof as was condemned and taken for the widening of German street and conveyed and surrendered by William Pinkney Whyte and J. Bernard Scott, trustees, to the Mayor and City Council of Baltimore by deed dated the 30th day of August, 1905, and recorded among the Land Records of Baltimore City in Liber R. O. No. 2173, folio 78, etc., it being hereby intended to grant and convey to said Charlotte T. Harrison not only the residue of said lot but also the rights to the said four-foot alley or to the court or alley thirty feet wide (connected with said four-foot alley) mentioned as conveyed or intended to be conveyed by said William Lorman to said Robert A. Taylor by the deed hereinbefore referred to and which by the twenty-sixth clause of the said will of the said Robert A. Taylor (exhibited and construed as aforesaid) hath passed or come or accrued to the parties of the first and second parts hereto absolutely and entirely and without reservation."

The will of Louisa C. E. Taylor, the aunt of the plaintiff, and under which she derived her title to the property, was held in *Harrison v. Denny*, 113 Md. 514, to be a valid execution of the powers of disposition under her father's will. The main items of both wills are set out and construed in that case. *Harrison* v. *Denny*, 113 Md. 514.

So it seems to us clear from what appears in these two wills that the property 13 West German street at the time of the life tenant's death was held under the terms of the trust as it had continued to be so held from the death of the testator in 1863. The remaindermen in this case had no

right of entry so long as the life tenant lived, and as, from the nature of the trust, the trustees did not represent the remaindermen during this time there can be no doubt that the statute or adversary possession, under the authorities, did not run against the plaintiff, one of the remaindermen, until the death of the life tenant in 1909. *Long* v. *Long*, 62 Md. 33; *Hooper* v. *Felgner*, 80 Md. 262; *Graham* v. *Whitridge*, 99 Md. 293; *Lee* v. *O'Donnell*, 95 Md. 538; *Potomac Lodge* v. *Miller*, 118 Md. 417.

In 1 *Ruling Case Law* it is said, and supported by authority, that "The possession of real property can not be considered as adverse to one who, during its continuation, did not have a right of entry, as, for instance, a remainderman or reversioner. The presumption of a grant from an adverse possession for the statutory period arises only where the person against whom the right is claimed could have lawfully interrupted or prevented the exercise of the supposed grant."

We find nothing in the record that would sustain the defense of abandonment relied upon by the defendants. The acts or conduct of the trustees, whatever they may have been, during the existence of the trust and down to 1909, could not avail the defendants, because they did not represent the plaintiff and their conduct would not in any way bind her or the other remaindermen. *Glenn* v. *Davis*, 35 Md. 208.

In *Oberheim* v. *Reeside*, 116 Md. 266, this Court said: "Mere silence as to rights of record does not create an equitable estoppel. The doctrine that where one stands by and sees another laying out money on property to which he himself has some claim or title, and does not give notice of it, he can not afterwards in equity and good conscience set up such claim or title, does not apply to an act of encroachment on land, the title to which is equally well known or equally open to the notice of both parties; but the principle applies only against one who claims under some trust, lien or other right, not equally open and apparent to the parties and in

favor of one who would be misled or deceived by such want of notice."

So, without discussing the questions further which are raised on the defendants' appeal in No. 68, we are of opinion that the Court below was right, in its conclusions, and this part of the decree must be affirmed.

As to the question of the measure of damages and relief. awarded the plaintiff by the decree, and raised by the plaintiff's appeal in No. 69, we find some difficulty, upon the record now before us.

The Court below, it will be seen, adjudged nominal damages only and stated in the decree the reason therefor—that, as it appeared to the Court from the evidence that the damage done to the property of the plaintiff bordering on the court and alley by reason of the construction. of the building or parts of the buildings in the bed of the same by the defendants, is nominal only, it would adjudge that the plaintiff recover from the defendants the sum of $1 and the costs of the suit.

The rule as to damages is stated by *Sedwick on Damages,* Vol. 1, page 109, to be: "Anyone having an interest in land is liable to suffer injury with respect to this right, and, accordingly, if his right, however limited it may be, is injured, he may recover compensation equal to his individual loss. The general rule may be said to be that the extent of the injury to the plaintiff's property right, whatever it may be, furnishes the measure of damages."

In *Washburn on Easements,* page 745, the rule is thus stated: "The measure of damages in an action at law for damages caused by interference with an easement or natural right is the amount of injury caused to the plaintiff by the act complained of, including such consequential damages as are closely connected with the injury and are the immediate results."

The question here, however, is not what the alley or court is worth, but what damage the plaintiff sustained by the in-

terference of the defendants with her right to use the court and alley in common with other abutting owners. The evidence in the record goes to the value of the whole lot only.

The witness Frick testified that he would value the thirty-foot lot on German street, the same being the thirty-foot court, at $4 a square foot—that is, to be worth $6,000, or a value of $200 per front foot. The witness Martien in his testimony put the same valuation upon the lot. There is no evidence as to the damage which she will suffer by the loss of the easement over the court and alley which the defendants have taken from her. If she is entitled to recover more than nominal damages proper proof should be introduced to show it. She would be entitled to such damages as she has or will sustain by the loss of the right to the use of the easement in common with the others. *W., B. & A. R. R. Co.* v. *Moss,* 130 Md. 210; *Brack* v. *M. & C. C. Balto.,* 125 Md. 381; *Patterson* v. *M. & C. C. Balto.,* 130 Md. 649.

For the reasons stated that part of the decree which awards nominal damages only in No. 69 appeal will be reversed, with leave to the plaintiff to take testimony to prove what damage, if any, has been sustained by her.

It follows that the decree will be affirmed in part and reversed in part, and the cause will be remanded, with leave to take testimony, as indicated by the opinion.

> *Decree affirmed in part and reversed in part, and cause remanded, with costs to Charlotte Taylor Harrison.*