# ELSIE J. SYMINGTON

*vs.*

# WALKER D. HINES, Director General of Railroads, and THE PENNSYLVANIA RAILROAD COMPANY.

*Injunction Pending Appeal.*

An injunction against the use of certain land by a railroad company, *held* properly refused pending appeal from a decision as to the rightfulness of such use.

*Decided January 12th, 1921.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The cause was argued, together with that next preceding, before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Stuart S. Janney* and *Frank B. Ober,* for the appellant.

*Shirley Carter,* with whom was *Bernard Carter & Sons,* for the appellants.

URNER, J., delivered the opinion of the court.

After verdict and judgment in favor of the plaintiff in the case of *Elsie J. Symington v. Walker D. Hines, Director General of Railroads, and the Pennsylvania Railroad Company,* which was brought to this Court on appeal at the preceding term and has just been decided, an application was made to the court below (under Code, Article 75, Section 135), for an injunction requiring the railroad company to remove the siding on account of the construction and use of

which the judgment appealed from in that case was rendered, and prohibiting the company from using the siding in the meantime for any purpose. The application was heard after the entry of the appeal from the judgment and the filing of an appeal bond. The present appeal is from an order refusing the injunction. This action was stated to be without prejudice to the plaintiff's right to renew the application after the decision by this Court of the questions presented on the other appeal, if the conditions then existing should be such as to justify a resort to that remedy. In thus ruling the lower court acted with proper regard for the rights of the respective parties. There were no conditions sufficiently urgent to warrant the issuance of the injunction pending the appeal upon which the question of title involved was to be determined.

*Order affirmed, with costs.*