## ALEXANDER H. STEVENS *v.* ESTELLE E. POWELL.

*Creation of Easement—Right of Way—Appurtenant to Land— Division of Dominant Tenement.*

Although a deed of a stairway easement, "in consideration of" a right of way over the grantees' land, was not executed by the grantees, neither they nor their successors in title with notice of the right of way could dispute it in a court of equity.

pp. 606, 607

A right of way created in favor of the owners of a lot, not being in terms restricted, as regards its use, to a particular part of that lot, *held* that it was appurtenant to a part thereof with which it was not originally used, it having been subsequently used for fifteen years as a means of access to that part.

pp. 607, 608

A right of way created in favor of the owners of a lot *held* not to be a personal privilege confined to them, but to pass to a subsequent owner of a part of such lot, as against a subsequent owner of the servient lot, in view of the continuing provisions for the right of way in the deeds under which both parties derived their titles.                    p. 608

Where deeds providing for a right of way did not describe its exact location, *held* that the definition of its course by actual user during the period of its enjoyment by the dominant owners, and its recognition by the servient owners, sufficiently identified the way for the purpose of a proceeding to enjoin the obstruction of the way.                    p. 608

The vested right of the owner of a part of the dominant tenement to the use of a right of way is not impaired by a release executed by the owners of the other part. p. 608

The division of the dominant estate does not destroy a right of way. p. 608

*Decided March 22nd, 1927.*

Appeal from the Circuit Court for Worcester County, In Equity (BAILEY, J.).

Bill by Estelle E. Powell against Alexander H. Stevens. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*L. Paul Ewell,* for the appellant.

*James M. Crockett,* with whom were *Crockett & Crockett* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant owns a lot of ground extending from Market Street to Willow Street in Pocomoke City. There is an alley way on the lot, for a part of its length, affording access to Willow Street and serving certain properties fronting on Clarke Avenue. The appellee is the owner of a lot of ground which fronts on that avenue and is adjacent to an interior lot, separately acquired by her, which abuts upon an open area, on the appellant's lot, where the alley terminates. The question in this case is whether the appellee has a right to the use of the alley as appurtenant to her interior lot. It was decreed below that such a right exists, and an injunction was directed to be issued for its protection against the appellant's interference.

The width of the alley where it enters Willow Street is nine and a half feet. It becomes slightly narrower at various

points along its course, but is nowhere less than eight and a quarter feet in width. The open space into which the alley leads has a width of fifteen feet and two inches where it adjoins the interior lot of the appellee. From 1904 until 1919 the alley was used as a driveway to the rear of a storage building on that lot, but since 1919 the appellant has prevented its use for the benefit of the appellee's lot by depositing large quantities of iron pipes and other materials in the open area at the point where it had afforded an outlet from her building.

The appellee's inner lot was formerly included in a lot fronting on Market Street, and was conveyed in 1903 by the owner of the whole lot to the appellee's predecessor in title. By the deed thus conveying the part in question, all the rights, ways, privileges, and appurtenances belonging thereto were also expressly granted. The grantor in that conveyance had acquired the entire lot in 1902 by a deed from William McMullen, which included the grant of "the right of entrance over an eight-foot alley in the rear of said lot to Willow Street." In 1893 William McMullen and his co-owner at that time of the whole lot, which will hereafter be referred to as the McMullen lot, conveyed to Lloyd Wilkinson and wife, who then held title to the lot now owned by the appellant, the right to use a stairway in the building of the grantors fronting on Market Street, as a means of access to the second floor of a building owned by the grantees, "in consideration of a right of entrance over an eight-foot alley in the rear of the said lot owned by" the grantors. When the appellant obtained in 1912 the lot on which the alley in dispute is located, the deed conveying the title expressly stated that it was subject to a right of way "over an eight-foot alley to William McMullen's lot."

Because the deed by which William McMullen and others granted a stairway easement to the owners of the lot since conveyed to the appellant, in consideration of a right of way over an eight-foot alley in the rear of the grantors' lot, was not executed also by the grantees, it is argued on behalf of the appellant that an easement in the alley was not thereby

created, and the description of the alley in the deed is said to be insufficient for the purposes of a conveyance. It appears from the evidence that, after the execution in 1893 of the deed just mentioned, the alley leading to Willow Street was actually used in connection with the McMullen lot, of which the appellee now owns a part, and was being used as a driveway to her portion of the lot when the deed conveying the servient lot to the appellant in 1912 was executed. The course of the way over the available area is shown by the evidence to have been defined by its user during the long period of its existence. If, upon the authority of *Dawson v. West. Md. R. Co.,* 107 Md. 70, cited by the appellant, it should be held that the acceptance of the McMullen deed granting the use of a stairway did not place the grantees in the position of *covenantors* with respect to the alley right of way, it is nevertheless clear, upon the principles stated in that decision, and in cases to which it refers, that neither the grantees, nor their successors in title with notice of the right of way described in the deed, could successfully dispute it in a court of equity. The grantees in that deed were bound to recognize, and in fact duly respected, the right of the grantors to use the alley as appurtenant to their lot, since it was the expressed consideration for the easement which the grantees thereby secured. As the subsequent conveyance of the servient lot to the appellant was specifically made subject to the eight-foot right of way to the dominant lot, he definitely assumed the existence of such an easement by the acceptance of the deed.

It is said that the way as used, prior to the separation and conveyance of that part of the McMullen lot now owned by the appellee, led to an entrance into a building on the other portion of the lot, and should therefore not be regarded as appurtenant to the part which it did not then directly serve. In none of the deeds referring to the right of way is there any restriction of its use to a particular part of the McMullen lot, in relation to which it was described. The way was specified in one of the deeds as an eight-foot alley "in the rear" of the McMullen lot, and it is the rear portion of that lot

which the appellee now holds. As already stated, the alley was in fact used as a means of access to that portion of the original lot from 1904 to 1919, when it was obstructed by the appellant, as to such use, seven years after he became the owner of the servient estate. There is no sufficient reason in the terms of the conveyance, or in the acts of the parties concerned, since the inception of the right of way, to hold that it was not designed to be available for that portion of the lot which has passed into the appellee's ownership.

It is further suggested that the right of way was a personal privilege confined to the parties for whose benefit it was primarily intended, and is not an interest to which the appellee has succeeded. This is not an acceptable theory, in view of the continuing provisions for the right of way in the deeds under which both parties to this suit derive their titles. It is evident from the terms of those deeds that the easement was designed to be appurtenant to the land. *Callaway v. Forest Park Co.,* 113 Md. 1.

While the deeds providing for the right of way over an "eight-foot alley" do not describe its exact location in the area, of greater width, through which it passes, yet the definition of its course by actual user during the period of its enjoyment by the dominant, and its recognition by the servient, owners, is a sufficient identification of the way for the purposes of this proceeding. 9 *R. C. L.* 791.

About a month before the filing of the bill of complaint, the appellant and the present owners of that part of the Mc-Mullen lot not owned by the appellee joined in the execution of a deed by which they released their respective interests in the stairway easement and the alley right of way for which their predecessors in title had made provision. But that action did not impair the appellee's vested right to the use of the alley as owner of a portion of the lot to which it extended. The division of the dominant estate could not destroy the appellee's right to the use of the alley (*Tiffany on Real Property,* 2nd Ed., p. 1346; 9 *R. C. L.* 803; 19 *Cyc.* 948), and a release of the easement by the owner of another part of the estate could not affect her interest.

*Decree affirmed, with costs.*