## NATIONAL REAL ESTATE DEVELOPMENT CORPORATION, INC., v LAVALE WATER COMPANY.

[No. 44, April Term, 1934.]

*Decided June 13, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Charles G. Watson,* for the appellant.

*David A. Robb* and *William C. Walsh,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

In this case the plaintiff sued in ejectment to recover certain alleged water rights.

By deed dated March 9th, 1894, James H. Percy and wife conveyed to Charles Laber a tract of land called "None-such" in Allegany County, containing five acres of land, reserving, however, among other things not relevant to said proceeding, "the right to build a reservoir at the Braddock Spring and to conduct water therefrom through said land by pipes laid under the surface of the ground to the adjoining lands and the right to repair the same from time to time forever. But nothing herein contained shall prevent or hinder the said Charles Laber from the use of the water of said spring." On July 30th, 1917, the widow and heirs of Percy conveyed to John W. Snyder a parcel of land known as the Six Mile House farm, the northwestern boundary of which lies about 1,200 feet from the southeast boundary of "None-such"; and also "all their right, title and interest to and in a certain tract of land called 'None-such,' " (said tract being described as in the said deed to Laber). "The right, title and interest intended to be conveyed in this particular piece of property are all those rights reserved in a deed from James H. Percy, et al., to Charles Laber, dated March 9, 1894," etc. By subsequent deeds the said reserved rights in "None-such" were conveyed to the appellant.

By deed dated May 10th, 1923, Charles Laber and wife granted to the appellee, the defendant below, its successors and assigns, "the right in perpetuity to all the water in the spring on the tract of land known as None-such * * * being the spring now used by the party of the second part (the grantee) as part of the water supply to the people of LaVale and vicinity, this deed being subject to the rights, privileges, provisions, terms and conditions to the respective parties thereto to wit." The rights and conditions follow, viz.: The grantee may construct such dams, reservoirs, basins, and structures as it may desire in order to conserve and protect the water supply from said spring; the grantee agrees to construct a concrete dam across the stream through said tract of land below

said spring in order to intercept the overflow from the spring for the use of the grantors, and to construct a spring house for the use of the grantors, and to allow to flow to said spring house such amount of water as may be reasonably necessary for the proper use of said spring house, and to pay sixty dollars per year to the grantors so long as either of them shall live, for the rights and privileges granted; the grantee to have the right to convey the water from said spring by pipes and to connect the same with its mains beyond said tract of land, and the right to lay, maintain, renew, and repair its pipes and mains and any improvements at any place in said land in and about said spring, and the right of ingress and egress for said purposes. The grantors reserve the right to make use of so much water from said spring as may be necessary for the uses of the occupants of the dwelling house and for the watering of stock.

It will be observed that neither in the deed to the appellant nor in that to the appellee is any real estate in the "None-such" tract conveyed or attempted to be conveyed, but only certain water rights and privileges incident thereto. Such rights are clearly only easements. 19 *C. J.*, pages 865, 866, 867, and cases there cited. See, also, *Ross v. McGee*, 98 Md. 389, 56 A. 1128. If any rights of appellant have been invaded by appellee, which it is not necessary here to decide, appellant's remedy is in an action on the case and not in ejectment. 19 *C. J.*, 991: *Canton Co. v. Baltimore*, 106 Md. 69, 66 A. 679, 67 A. 274; *Callaway v. Forest Park Highlands Co.*, 113 Md. 1, 77 A. 141; *Nicolai v. Baltimore*, 100 Md. 579, 60 A. 627. A directed verdict for the defendant under its third prayer was therefore proper. In granting that prayer the court, sitting without a jury, ruled as a matter of law that there was no evidence legally sufficient to show that title to the land described and claimed in the declaration was in the plaintiff, and therefore the verdict must be for the defendant.

Defendant's first granted prayer, standing alone, is defective as a variance prayer under Acts 1914, ch. 110,

Code, art. 5, sec. 9A (now Code Pub. Gen. Laws 1924, art. 5, sec. 11), in that it does not state in what the variance consists; but that omission is supplied by its third prayer. It is not necessary to pass on defendant's second granted prayer, which is a general demurrer prayer. It follows that all the plaintiff's prayers were properly refused and it becomes unnecessary to consider the exceptions based on the rulings on evidence, as the action in ejectment was not maintainable. It is also unnecessary to consider other grounds for affirmance urged by appellee.

The authorities cited by appellant on riparian rights are not applicable, nor are those which deal with the conveyance of "a house, barn, wharf, well or the like." The spring in the present case is not conveyed but the right to pipe water out of the spring, which is a different thing.

*Judgment affirmed with costs.*