JACOB FINGLASS ET AL. *v.* GEORGE FRANKE SONS COMPANY

[No. 31, January Term, 1937.]

*Decided March 17th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Israel S. Gomborov* and *A. David Gomborov,* with whom was *Estelle W. Gomborov* on the brief, for the appellants.

*Roger B. Williams* and *Roger A. Clapp,* with whom were *Hershey, Donaldson, Williams & Stanley* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The parties are adjoining owners of lots of ground, with improvements, on the west side of South Eutaw Street in Baltimore City, abutting on a rear alley, and the appellants seek to enjoin interference by the appellees with their use of the alley. The chancellor found that there was no sufficient ground for equitable jurisdiction, and dismissed the bill of complaint; and the appeal is from the dismissal.

The alley runs north from a narrow street now called Lemmon Street. In 1913 the Franke Company acquired two lots extending west from Eutaw Street, one abutting on Lemmon Street, and both on the alley at its southern end. Finglass and wife acquired the next lot to the north, at the upper end of the alley, in 1935. The alley was closed at its southern end by a gate, and at its northern end, next to their property, by a fence with a small gate. Both gates were in the control of the Franke Company, and it denied any right in these owners of the adjoining lot to pass through. The appellants refer to provisions in the title deeds of both parties for the use of the alley in common, and claim title to that use; and the appellee, on the other hand, adduces evidence to show title by adverse possession and user during twenty years and more prior to the acquisition by Finglass and wife.

Under the settled practice in this state, the dispute of title should be litigated at law, and the decision of the chancellor in that respect was correct. If the easement exists, no case of destruction of it for any use is pre-

sented; and there is no need of an injunction to prevent injury pending settlement of the dispute at law. The appellants argue that a right of drainage through the alley was secured by their deeds, and that continued drainage through it is necessary to any enjoyment of their property meanwhile, but, if so, there is no evidence that whatever drainage may pass through is now obstructed in any way, and therefore no appearance of necessity for immediate equitable interference. *Gulick v. Fisher,* 92 Md. 353, 365, 48 A. 375; *Clayton v. Shoemaker,* 67 Md. 216, 219, 9 A. 635; *Oberheim v. Reeside,* 116 Md. 265, 275, 81 A. 590.

A complete remedy by ejectment and the writ of *habere facias possessionem* would not be available to the appellants at law, should they be able to prove their case on the facts, as the right asserted is one in an easement only. *Callaway v. Forest Park Highlands Co.,* 113 Md. 1, 9, 77 A. 141; *Greenbaum v. Harrison,* 132 Md. 34, 38, 103 A. 84; *National Real Estate Development Corp. v. Lavale Water Co.,* 167 Md. 191, 193, 173 A. 52. But there would be a complete remedy in an action on the case with a writ of injunction under sections 134 to 146 of article 75 of the Code, and therefore no need of retaining jurisdiction in equity, maintaining two suits, for a subsequent issue of an injunction to give full effect to a proved right. 2 *Poe, Pl. & Pr.,* secs. 334 D and E; *Chesapeake & Pot. Tel. Co. v. Mackenzie,* 74 Md. 36, 43, 21 A. 690; *Symington v. Hines,* 137 Md. 449, 112 A. 818; *Zimmerman v. Garfinkel,* 144 Md. 394, 399, 124 A. 919.

*Decree affirmed, with costs.*