## WILLIAM H. GATCHELL, use of EDWARD WORTH-INGTON, vs. GEORGE PRESSTMAN and ROBERT PURVIANCE, JR.

An objection to a sale under the act of 1833, ch. 181, that the affidavit as to the amount due upon the mortgage was not filed by the mortgagee or his assignee *before the sale* was made, may be taken by the purchaser before final ratification, and is fatal, even though the affidavit may be filed before the final action of the court upon the sale and the mortgagor may consent to its ratification, but such an objection is too late after the final ratification has been duly made.

APPEAL from the Equity Side of the Superior Court of Baltimore city.

A mortgage under the act of 1833, ch. 181, was executed on the 13th of September 1849, by Robert A. McAllister and Mary Conrad to the appellant, Gatchell, and on the 18th of April 1851, a decree was passed at the instance of the mortgagee for a sale, which was made by the trustee on the 28th of the same month, and affirmed *nisi* on the 2nd of June following, the appellees being the purchasers. This decree on the day of its passage was entered for the use of Worthington.

Mary Conrad, one of the mortgagors, died on the 23rd of June, and shortly afterwards the purchasers filed objections to the ratification of the sale, because:—1st. The person who held the legal estate in the property was not made a party to the decree. 2nd. No affidavit of the amount of indebtedness to Gatchell or Worthington had been filed. A question was also raised as to the title of the mortgagors, upon the construction of a deed of trust under which they held the property, but as this court declined to decide the point, the provisions of the deed and the argument as to the title are omitted.

After the sale, affidavits as to the amount due upon the mortgage were filed, both by Gatchell and Worthington, accompanied by the written consent of McAllister, the surviving mortgagor, to its final ratification.

21     v.5

The court below, (FRICK, J.,) sustained the second objection and set the sale aside, from which decision this appeal is taken.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Wm. H. G. Dorsey* and *Charles H. Pitts* for the appellant, argued the following points:

1st. That under the act of 1833, ch. 181, the mortgagor is the only party who has the right to object to the ratification of the sale, on the ground that no affidavit was filed before the sale, as that provision of the act was intended solely for his benefit, and he having waived this right the sale is good. The case of *Williams vs. Williams,* 7 *Gill,* 305, shows that courts of equity in passing decrees under this act exercise general equitable jurisdiction, and if this is so there is no difficulty in ratifying the sale.

2nd. If the sale had been finally ratified a good title would have passed to the purchaser.

3rd. The court ought to have ratified the sale, as the only party interested had consented to its ratification before the court acted on the objection, and the purchasers were in no worse condition than if the affidavit had been filed before the sale. *Act of* 1785, *ch.* 72, *sec.* 3. 2 *H. & G.,* 94, *David vs. Grahame.*

4th. No other parties could have been made in a proceeding under this act of 1833, for it provides for a proceeding against the *mortgagor alone,* and no other persons could be made parties.

*T. P. Scott* and *Benjamin C. Presstman* for the appellees, insisted, that the court below was right in setting aside the sale, because no affidavit of the amount of indebtedness to Gatchell or Worthington was filed before the sale was made. The third section of the act of 1833, ch. 181, provides, that *before a sale* shall be made an affidavit of the amount due on

Gatchell, use of Worthington, *vs.* Pressiman and Purviance.

the mortgage shall be filed by the mortgagee or his assignee; that is, no sale shall be made until such affidavit shall be filed. The filing of the affidavit is a *prerequisite* to the sale. Purchasers would be put to serious inconvenience and sustain serious damage if the theory on the other side be correct.

ECCLESTON, J., delivered the opinion of this court.

The act of 1833, ch. 181, requires that *before a sale* shall be made under its provisions, "the mortgagees, their executors or administrators, (or their assigns, if the mortgage claim shall have been assigned,)" shall file a statement of the amount remaining due upon the mortgage, verified by affidavit. At the time of this sale no such affidavit had been filed. For this defect in the proceedings the court below set aside the sale, and we think they were right in doing so.

It has been said that the affidavit is made necessary for the protection of the mortgagor, and being designed for his benefit only he may dispense with it, and the purchaser will not be permitted to take any advantage of an omission to comply with this requirement of the law. It is true the mortgagee and his assignee did file affidavits before the final action of the court upon the sale, and the surviving mortgagor, McAllister, gave his consent to the ratification of the sale.

When due notice, in the usual manner, has been given, affording an opportunity for objections to be made, and none are presented, from any quarter, if the sale is finally ratified, being then a judicial sale consummated by a court of competent jurisdiction in the premises, it might well be considered too late, then, to make such an objection as the one now relied upon. But to deny to a purchaser the right of objecting under the present circumstances, would subject him to the whim and caprice of a mortgagor. We suppose it cannot be successfully contended that a mortgagor may not object to a final ratification because no affidavit had been filed before the sale. If so, the purchaser would be held bound by his bid, and to keep himself in readiness to comply, without any corresponding obligation on the other side, remaining all the

while in a perfect state of uncertainty up to the time of final ratification, whether the mortgagor would or would not agree to dispense with the affidavit and consent to the sale. This, in a commercial community, might very well subject a purchaser to much inconvenience and loss, by being obliged, in this state of uncertainty, to keep his funds unemployed, perhaps for many months, for the purpose of being prepared to meet a considerable cash payment at, or shortly after, the confirmation, if that should be the final result. If, by holding such an objection a good one on the part of a purchaser, some delay and inconvenience might be imposed upon the mortgagee, it would fall where it should, because his neglect would be the cause of it.

Between the sale and a ratification of it, the offer of an increased price, or any sudden and unexpected rise in the value of the property, resulting from some new plan for a railroad or any other scheme, would afford a strong temptation for the mortgagor to withhold his assent; whilst a diminution in value would operate as an inducement for his agreeing to the ratification. Thus holding the purchaser to a bad bargain and denying him the advantage of a good one.

The law gives a very summary remedy for the benefit of mortgagees, and it is imposing no hardship on them to require their compliance with the perfectly plain and obvious intention of the legislature, that before a sale the affidavit shall be filed.

This view dispenses with the necessity of deciding the other questions which have been presented.

Perceiving no error in the order setting aside and annulling the sale, it must be affirmed, with costs, to the appellees, and the cause will be remanded for further proceedings. For which purpose a decree will be signed.

*Order affirmed and cause remanded.*