THE MAYOR AND CITY COUNCIL OF BALTIMORE, and
JOHN E. A. CUNNINGHAM vs. JEREMIAH WEATH-
ERBY, and others.

*Practice in regard to Appeals in Injunction cases—Effect of a
Demurrer as giving the right to Appeal under Art. 5, sec. 21,
of the Code—Case of an Injunction improperly granted by
reason of the Non-production of copies of documents referred
to in the Bill—Construction of Ordinance of the City of
Baltimore, of 1873, No. 64—Powers of the Mayor and City
Council of Baltimore, and the Board of Commissioners of
Public Schools, in regard to contracts for Supplies for the
Public Schools.*

Sec. 21 of Art. 5 of the Code, provides, that an appeal may be
allowed "from any order granting an injunction, or from a refusal
to dissolve the same, or an order appointing a receiver, the answer
of the party appealing being first filed in the cause." HELD :

That a demurrer to the whole bill may be taken as an answer for the
purpose of the appeal.

The allegations of the bill, and the relief sought had reference to, and
were based upon what was charged to be the illegality of the
acceptance of a certain proposal by the Board of Commissioners of
Public Schools in the City of Baltimore, or a certain committee of
that Board, made to them by C. one. of the defendants; the
illegality in the contract entered into between C. and the Board of
Commissioners of Public Schools; and the bond taken by the
latter from the former for the due performance of the contract; the
object of the bill being to have the execution of the contract
restrained, and the whole transaction declared void as being in
violation of the ordinances of the city.   All the documents charged
to be void were of a public nature, and accessible to the com-
plainants as to any other person interested in them, and yet copies
of them had not been exhibited with the bill, nor was there any
reason assigned for the omission to exhibit them.  HELD :

That for the Court to declare all said documents illegal, or to act
upon the assumption of their invalidity, upon the mere allegation

of the bill, without an opportunity of inspecting them, would be a most dangerous proceeding, and as such ought not to be sanctioned.

The bill charged that the Board of School Commissioners had advertised for sealed proposals for supplying one of the public schools with suitable heating apparatus, and, without laying said proposals (which included one made by the complainants,) before the Mayor, had placed them in the hands of a committee of said Board, who opened said proposals and awarded the contract to C. And this action of the Board was claimed to be illegal as in violation of Ordinance No. 64 of 1873. By that ordinance when city officers shall advertise for sealed proposals for any public work or contract, "*pursuant to existing ordinance or resolution,*" it is made the duty of such officer to lay the proposals received before the Mayor, who, with the Comptroller and Register, shall proceed to open them, and award in all cases to the lowest bidder of known capacity, responsibility, &c. HELD:

1st. That if there was no ordinance in existence at the time of the transaction in question requiring the Board of Commissioners of Public Schools to advertise for sealed proposals, such as those made by C. and the complainants, then there was no ground for the injunction.

2nd. That the subject-matter of the transaction impeached, was within the power and control of the Mayor and City Council, (Act of 1872, ch. 357, sub-ch. 16,) and even if it were conceded, that the ordinances in force at the time did not confer authority on the Commissioners of Public Schools to make the contract in question, still the injunction should not have gone against the Mayor and City Council.

3rd. That the whole subject-matter being completely within their control, in the absence of any legislative formality required, it was perfectly competent to them to have authorized or sanctioned the contract without a previous ordinance prescribing the formalities, and the agencies through and by which such contract could be made.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the appellants against the appellees and the Board of Commissioners of Public Schools of Baltimore City, and others, for the purpose of having the contract therein referred to declared illegal, and for an injunction to prevent its being carried out.

The bill, after referring to the ordinance of 1873, No. 64, the nature of which is sufficiently set forth in the opinion of the Court, makes the following allegations in regard to said contract:

" That on the 8th day of October, 1878, the said Board of Public School Commissioners caused to be inserted in two of the daily papers of said city, the advertisement, of which the following is a copy, viz.,

" OFFICE COMMISSIONERS OF PUBLIC SCHOOLS,

" *Baltimore,* October 7th, 1878.

" Sealed proposals for supplying Male and Female Colored Schools, No. 7, with suitable heating apparatus, will be received at this office until Thursday, 10th instant, at 12 m.

" Specifications at this office.

" H. M. COWLES,

" Secretary."

" That the schools referred to in said advertisement are among the public schools of said city, and that the school building which it was proposed to heat is one of the school buildings of said city, and is situated on the north side of Waesche street, near Fremont street, and that Henry M. Cowles, whose name is signed to said advertisement, is the secretary of said Board.

" That in pursuance of said advertisement, sealed proposals were sent in by the firm of J. Weatherby & Sons, (which firm is composed of your complainants,) to supply the heating apparatus called for, at the several prices of $995.00, $1225.00 and $1340.00, according to the number and style of furnaces proposed, and also by a certain John E. A. Cunningham, at the prices of $1250.00 and $1489.00.

" That in violation of the provisions of the ordinance above referred to, the said secretary did not lay said sealed

proposals before said Mayor, but placed them in the hands of a certain committee of said Board, composed of said George L. Hamel, John T. Morris, John L. Lawton, Goldsborough S. Griffith, H. B. Roemer and James W. Denny, six of its members, which said committee unlawfully claimed authority to open said sealed proposals, and to award the contract thereunder, and that said committee, although having no authority to do so, and moreover, without their having been in said advertisement any time or place designated, at which said proposals would be opened, did open said sealed proposals, and undertake to award the contract for said heating apparatus, and did pretend to award said contract to the said John E. A. Cunningham, whose bid for the same number and class of furnaces was higher than was that of the said J. Weatherby & Sons, which latter bid also in every other requirement of the ordinances of the said Mayor and City Council.

" And your complainants further show, that in pursuance of said pretended award, the said committee of six undertook to make the said Mayor and City Council a party to a contract with said Cunningham in the premises and took from said Cunningham a bond, pretending to be for the performance of said contract thus entered into, in violation of said ordinances; the penalty in which bond and the sufficiency of the security therein, the said committee of six undertook to determine, and which said bond was not taken by the City Register, nor was the penalty therein determined by him, nor was said bond certified by the Comptroller to be good and sufficient, nor was the said bond approved by the Mayor.

" Your complainants are advised and charge, that all the said proceedings of said committee are illegal and in direct violation of the ordinances of said Mayor and City Council; that the collective body of Commissioners of Public Schools have no such authority, and that they have no power to spend money or contract in the name of the said

Mayor and City Council for such purpose, and that much less has a mere committee of said Board any authority to open sealed proposals, make awards of contract, take bonds of contractors, and make the Mayor and City Council of Baltimore a party to contracts, involving the expenditure of a large sum of money, and that under such pretended contract and bond there is no sufficient security for the performance of the undertakings of said Cunningham in the premises, and not that security which said ordinances and the interests of the tax-payers of said city require from contractors engaged in the performance of public work; and your complainants are advised and charge, that any payments of money under said pretended contract would be in violation of law and misapplication of the public money of the said Mayor and City Council, and be an injury to your complainants as tax-payers.

"That nevertheless, the said Board of Public School Commissioners and the said committee of six, are causing to be prosecuted the work under said pretended contract, and the said Cunningham is prosecuting the same, and the said John T. Morris, who is president of the said Board, as such president, intends, and is about to draw an order on the register of the city, requiring him to pay to said Cunningham the sum of money named in said pretended contract, and the said Henry M. Cowles, secretary, is about to countersign the same, and said register, John A. Robb, intends, and is about to pay the same; which said order and payment, your complainants aver, would be unwarranted by law, in violation of said ordinances and illegal."

The rest of the case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and IRVING, J.

*John P. Poe* and *Thomas W. Hall, City Solicitor,* for the appellants.

*Albert Ritchie,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

The present is a joint appeal by all the defendants from an order granting an injunction. But one of the defendants, Cunningham, has filed an answer responsive to the facts alleged, and the other defendants have filed a demurrer, assigning causes against the sufficiency of the bill. The complainants have made a motion to dismiss the appeal, upon the ground that all the defendants joining in the appeal have not answered, as required by sec. 21, of Art. 5, of the Code, as preliminary to the right of appeal. This motion, we think, ought not to prevail.

The section of the Code just referred to provides that an appeal may be allowed "from any order granting an injunction, or from a refusal to dissolve the same, or an order appointing a receiver, the answer of the party appealing being first filed in the cause." This is substantially the provision that was contained in the 3rd sec. of the Act of 1835, ch. 380, from which the 21st sec. of the 5th Art. of the Code was taken, so far as the right of appeal from orders granting or refusing to dissolve injunctions is concerned. It has been repeatedly decided, upon the construction of the 3rd sec. of the Act of 1835, that any defendant who had answered the bill for an injunction, might appeal from the order granting or refusing to dissolve the injunction, without waiting for the answer of his co-defendants. *Barnes, et al. vs. Dodge,* 7 *Gill,* 109 ; *Alexander vs. Worthington,* 5 *Md.,* 471. The same right exists under the 21st sec. of the 5th Art. of the Code.

But the question here is, whether a demurrer can be treated as an answer, and therefore embraced within the meaning and purview of the statute, so as to enable those filing the demurrer to join in the appeal ? And upon careful consideration this Court is of opinion that the demurrer, being to the whole bill, may be taken as an

answer for the purposes of the appeal. It is an answer in law, though not responsive to the facts charged in the bill. It was taken in the sense of an answer in the case of *New Jersey vs. New York*, 6 *Pet.*, 323, and we think it may be taken in that sense here. If, instead of filing the demurrer, the defendants had put in an answer, regularly denominated such, expressly admitting all the facts charged, but denying the right to the relief prayed, such an answer would have been in effect a demurrer, and yet it would certainly have gratified the requirement of the statute. In all cases where any ground of defence is apparent on the face of the bill itself, either from matter contained in it, or from defects in the frame of it, or in the case made by it, the proper mode of defence is by demurrer; and as it may be the means of preventing an useless and protracted litigation, as well as ruinous expense to the parties, it cannot be reasonably supposed that the Legislature designed to cut off this mode of defence to the bill. Besides, the requirement of the statute in respect to the filing the answer being in the nature of a restriction upon the right of appeal, it should be liberally construed in favor of the right; and especially should it be so construed when no apparent good is to be accomplished by a rigid or technical construction.

To the objection that the statutory requirement may be evaded by the resort to frivolous demurrers, it may be replied that such an abuse is not more likely to occur in regard to the use of demurrers than in regard to the ordinary mode of answering, especially where the answer may be put in without oath. By settled practice, demurrers are required to be signed by counsel, as an assurance to the Court that they are not, in the opinion of the counsel at least, frivolous, and that such a mode of defence is taken in good faith. Besides this, by sec. 102 of Art. 16 of the Code, if the demurrer be overruled, or withdrawn without leave of the Court, the party putting in the demurrer is

required to pay to the opposite party ten dollars, and all costs accrued by reason of the demurrer, and to stand in contempt until such sums are paid.

In the case of the *Mayor, &c. of Baltimore vs. Gill,* 31 *Md.,* 375, the appeal was from an order granting an injunction, and there was no other answer put in than a demurrer to the bill. The Court below had overruled the demurrer, but that was only an interlocutory order from which no appeal could be taken, (3 *Gill,* 138, 152; *Code, Art.* 5, *secs.* 22, 24,) and the Court had not proceeded to final decree on the bill. It was the right of the defendants to stand on the demurrer, (*Alex. Ch. Prac.,* 59,) and the appeal was taken from the order granting the injunction, and on that appeal the case was heard in this Court. It is true, no question was made here in regard to the right of appeal; but we must suppose that the able and experienced counsel engaged in the case well understood that, as the right of appeal in such case was purely a statutory right, there was no power or jurisdiction in this Court to review the order appealed from, unless the requirements of the statute, conditional to the right of appeal, had been complied with. We entertain no doubt but that that case was properly before the Court, and we think this is properly here also, on the joint appeal of all the defendants.

The appeal being properly before us, we have no difficulty in saying that the bill does not present a proper case for an injunction. The allegations of the bill and the relief sought have reference to and are based upon what is charged to be the illegality in the acceptance of a certain proposal by the Board of Commissioners of Public Schools, or a certain committee of that Board, made to them by Cunningham, one of the defendants; the illegality in the contract entered into between Cunningham and the Board of Commissioners of Public Schools, and the bond taken by the latter from the former for the due performance of the contract; the object of the bill being to have the exe-

v. 52

cution of the contract restrained, and the whole transaction declared void, as being in violation of the ordinances of the city. All these documents charged to be void are of a public nature, and are accessible to the complainants as to any other person interested in them, and yet copies of them have not been exhibited with the bill, nor is there any reason assigned for the omission to exhibit them. That the Court should be required to declare all those documents illegal, or to act upon the assumption of their invalidity, upon the mere allegation of the bill, without an opportunity of inspecting them, would certainly be a most dangerous proceeding, and such as ought not to be sanctioned. It is not for the parties to allege their construction of a written document, or the effect of it, or whether it has been executed legally and with all the formalities required by law, or whether it be of a character prohibited by law or ordinance, and require the Court to accept their allegations as true; the document itself should be produced, and as far as it furnishes evidence upon the subject-matter complained of, it should be allowed to speak for itself, and the Court draw its own conclusions. This is what both the reason of the thing and the established practice require, and there is no reason here for a departure from established practice. *Nusbaum vs. Stein*, 12 *Md.*, 315; *Hankey vs. Abrahams*, 28 *Md.*, 588; *Shoemaker vs. Mechanics' Bank*, 31 *Md.*, 396.

Then, again, it is not alleged and shown that there was any existing ordinance or resolution of the City Council requiring the Board of Commissioners of Public Schools to advertise for sealed proposals for furnishing supplies, or heating apparatus for school houses; and unless there was such ordinance or resolution, then in existence, the transaction complained of would clearly not be embraced within the terms of the ordinance set out in the bill, being Ordinance No. 64, of 1873. We have been referred to no ordinance containing such requirement, and

we have not been able to find any such. By the terms of Ordinance No. 64, of 1873, it is only when city officers shall advertise for sealed proposals for any public work or contract, "*pursuant to existiny ordinance or resolution*," that it is made the duty of such officer to lay the proposals received before the Mayor, who, with the Comptroller and Register, shall proceed to open them, and award, in all cases, to the lowest bidder of known capacity, responsibility, etc. If there was no ordinance in existence at the time of the transaction in question requiring the Board of Commissioners of Public Schools to advertise for sealed proposals, such as those made by Cunningham and the complainants, then, according to the allegations and theory of the bill, there was no ground for the injunction. Moreover, the subject-matter of the transaction impeached was clearly within the power and control of the Mayor and City Council, (*Act* 1872, c. 377, *sub-ch.*, 16); and if it were conceded, as contended by the complainants, that the ordinances in force at the time did not confer authority on the Commissioners of Public Schools to make the contract in question, (a proposition that we by no means decide,) still, the injunction should not have gone against the Mayor and City Council. The whole subject-matter being completely within their control, in the absence of any legislative formality required, it was perfectly competent to them to have authorized or sanctioned the contract, without a previous ordinance prescribing the formalities and the agency through and by which such contract could be made. This being clearly the power of the Mayor and City Council it ought not to be interfered with or its exercise restrained. *Fanning vs. Gregoire*, 16 *How.*, 524, 533.

The order appealed from will be reversed, and the cause remanded to the Court below, with costs to the appellants.

*Order reversed, and*
*cause remanded.*