## DEANA BECKER *v.* MINBER CORPORATION ET AL.

[No. 15, January Term, 1940.]

*Decided February 1st, 1940.*

The cause was argued before BOND, C. J., OFFUTT, PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Israel S. Gomborov,* with whom were *A. David Gomborov* and *Estelle W. Gomborov* on the brief, for the appellant.

*H. H. Walker Lewis* and *C. Edward Jones,* submitting on brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

The bill of complaint in the cause at bar was brought by the vendors for the specific performance of a sale of certain leasehold property in Baltimore City to the vendee, who refuses to comply with the contract of sale on the ground that the title to the property is not good and merchantable. The sole defect of title assigned is asserted to have arisen in the mortgage foreclosure proceedings under which the vendor acquired title.

The mortgage deed contained the declaration by the mortgagor of his assent to the passage of a decree for the sale of the mortgaged premises as is contemplated by the local law in force in Baltimore City with reference to the foreclosure of mortgages of real and personal property situated in that municipality. Charter & Pub. Loc. Laws (1938 Ed.), secs. 845, 855, pp. 456-474. By this local statutory provision, it is enacted that, when the mortgagor has declared his assent by the mortgage instrument, it shall be lawful for the mortgagee or his assigns at any time after filing the same to be recorded, to submit to either of the Circuit Courts of Baltimore City the said conveyances, or copies thereof under seal of the Superior Court; and the Circuit Court to which the same is so submitted may forthwith decree that the mortgaged premises shall be sold at any one of the periods limited in the conveyances for the forfeiture of said mortgages or limited for a default of the mortgagors, and on such terms of sale as the court may deem proper, and shall appoint by said decree a trustee or trustees for making such sale, and shall require bond and security for the performance of the trust as is usual in cases of sales of mortgaged premises.

The clerk of court is required to file and record said decrees and docket the cases of the application for this relief; and in the decree, and to be recorded therewith, to file a copy of the mortgage upon which the decree was rendered. *Supra.*

In the present case, all the statutory provisions are shown to have been fulfilled for a decree as thus authorized, and there is no question of the regularity of the subsequent proceedings, whereby a duly appointed and qualified trustee, in the administration of his trust, sold the mortgaged premises, reported the sale to the court, and, after final ratification in due course of the sale, and upon the receipt of the purchase money, regularly conveyed to the purchaser, who is the vendor in the proceedings brought before the court on this record, the mortgaged leasehold property.

The purchaser at the foreclosure sale later, by contract, sold to the vendee the leasehold estate thus acquired. The only ground on which the vendee refuses to comply with his contract of purchase is the failure of the assignee of the mortgagee, who took title under mesne assignments, to file with the original mortgage deed, either the deeds of assignment, or their certified copies, which were in the chain of title under which the assignee became vested in the mortgage claim and security, and entitled, after default, to sell the mortgaged premises. The short assignments authorized by statute were patently written on the original mortgage deed, but the four assignments by formal and separate deeds of assignments were duly recorded, but were not filed, nor were their certified copies, in the foreclosure proceedings. It is upon the mere omission to file these deeds of assignment or their certified copies that the vendee relies to support the contention that the purchaser took no title under the sale to him in the mortgage foreclosure proceedings. There can be no denial that the record of the deeds of assignment affected the vendee with constructive notice, even if he had no actual knowledge of their existence. So, the title of the assignee was com-

plete of record and the vendee was bound by the legal effect of that fact. The unquestioned right and power to institute the foreclosure proceedings was, therefore, in the assignee, and while a strict compliance with the conditions of the local statute, which authorizes a consent decree of foreclosure, is necessary, the jurisdiction of the court does not depend upon the filing of the successive assignments in the foreclosure proceedings. *Owens v. Graetzel,* 146 Md. 361, 372, 126 A. 224; *Miller v. Hirschmann,* 170 Md. 145, 153, 183 A. 259.

The local foreclosure statute does not require anything more to be filed in the proceedings than the mortgage deed or a duly certified copy thereof. *Supra,* sections 840, 847. The law, moreover, declares that a sale and conveyance made after the proper institution of the proceedings and a compliance with provisions of the statute, if finally ratified by the court, shall have the same effect as if the sale and conveyance had been made between the proper parties in relation to the mortgages and in the usual course of said court. *Supra,* sec. 847. *Western Md. R. R. L. & Imp. Co. v. Goodwin,* 77 Md. 271, 281, 282, 26 A. 319; *Miller's Equity Proc.,* sec. 462. Nor does the Fourth Equity Rule, Code, art. 16, sec. 157, to the effect that no order shall be made upon any petition until it "together with all the exhibits referred to as parts thereof, be actually filed with the Clerk of the Court" require the deeds of assignment to be filed in the instant foreclosure proceedings as a condition precedent to the exercise of the statutory jurisdiction. The deeds of assignment were not mentioned in nor made a part of any petition or paper in the foreclosure proceedings, so they are not within the letter of the rule. Neither were they within its meaning. The purpose of the rule is plain. It is to prevent the passage of an order, upon any petition or other paper, until all its parts are actually filed, and, consequently, before the court, so that any order passed shall have reference to a complete paper, whose parts shall be of record for the information and inspection of all persons concerned.

In *Connaughton v. Bernard,* 84 Md. 577, 36 A. 265, it is pointed out that in a forclosure proceedings under the local statute here invoked "the court had jurisdiction of the subject-matter, and also of the parties, by reason of the assent given to the passage of the decree." 84 Md. at page 594, 595, 36 A. at page 268. *Gatchell v. Presstman,* 5 Md. 161; *Hays v. Dorsey,* 5 Md. 99.

Hence the question now made does not go to the jurisdiction of the court, but to a mere dispensable formality in the proceedings; and the title of the purchaser at the mortgage sale is good and merchantable so far as the mortgage foreclosure is concerned.

It follows that the chancellor rightfully decreed the specific performance of the contract of sale and purchase between the vendor and the vendee.

*Decree affirmed, the appellant to pay the costs.*