MANGUM WEEKS, ET AL. *v.* FULTON LEWIS, JR., AND ALICE H. LEWIS

[No. 55, October Term, 1947.]

*Decided December 12, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*William O. E. Sterling,* with whom were *John H. T. Briscoe, Philip H. Dorsey, Jr.,* and *Dorsey & Sterling* on the brief, for the appellants.

*William Aleck Loker,* with whom were *Robert E. Wigginton* and *Loker & Wigginton* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a final decree of the Circuit Court for St. Mary's County, in equity, enjoining the appellants, their agents, servants and employees, from trespassing upon the lands of the appellees. The decree was signed after submission upon the pleadings and exhibits and

an agreed statement of facts, the chancellor having previously sustained a demurrer to the appellants' answer to the bill of complaint. No question of jurisdiction was raised in this Court, or in the court below. Compare *Punte v. Taylor,* 189 Md. 102, 53 A. 2d 773, 777.

The parties to the cause own contiguous properties in St. Mary's County, including two parcels, which together constitute Scotch Neck, a peninsula extending into the waters of Cuckold Creek, a tributary of the Patuxent River. Both parcels run the full length of the peninsula and are separated by a private roadway which was established by a partition deed between the then owners in 1920. This deed provided that "the road which is the divisional line between the properties * * * shall be used in common" by the parties, their heirs and assigns "and that said road shall not be less than 14 feet in width * * * and shall be kept in repair by both parties, their heirs and assigns." In 1936 this roadway became impassable at one point, due to erosion following the hurricane of 1933, and since 1936 the appellees have used a roadway roughly parallel to the originial road, lying entirely on the property now owned by the appellees.

The answer does not allege any express agreement between the parties to relocate the original common roadway, but alleges that the parties, since the year 1936, have "jointly used in lieu of and as a substitute for said private road [on the division line] a new road entirely over the said Thomas Bennett's land * * * along the side of and parallel to the said private road," and that the new road has been "used continuously in lieu of and as a substitute for the portion of the said private road leading from near the said barns to said 'Yankee Point' "; that the use was "apparent from the physical appearance of said land," that the complainants "acquiesced in the use of said new road," and that the "change in easement" is binding upon them. The appellants admit that neither they nor the appellees have made improvements or incurred any expense whatever in connection with the new roadway. There is no claim that the new road is a

way of necessity, or that the old road could not be restored to service by repair. Instead of repairing the old road, or calling upon the appellees to do so, they have simply deviated from the old road to serve their own convenience, without asking leave of the appellees or their predecessors in title.

The case of *Sibbel v. Fitch*, 182 Md. 323, 34 A. 2d 773, 774, appears to be directly in point. In that case it was contended that a road to a family graveyard was relocated and used for some 13 years, with the tacit acquiescence and consent of the defendants. The court said: "When a right of way reserved in general terms has been definitely located and the owner of the dominant tenement has acquired vested right in the way as located, the general rule is that the location of the way can be changed only by agreement of the owners of the dominant and servient tenements. * * * no vested right would flow, under the circumstances, from mere permissive user. The old road was the one in which the appellees had acquired a vested right, and there is no definite evidence of abandonment of the old way * * *."

The case of *Greenwalt v. McCardell*, 178 Md. 132, 12 A. 2d 522, 523, is clearly distinguishable. There a four foot change in the roadway upon his own property, and extensive improvements thereto, were made by the complainant. The right of way was not clearly defined, since the deed merely referred to the "present farm road located near the east boundary." The court said: "After an easement has been established, its location should not be changed by either party without the other's consent. But if a way has been slightly and not materially changed, and the owner of a dominant estate has used it for several years, his acquiescence will be presumed; and the changes do not invalidate the rights of the persons who are entitled to use the way." Compare *Stevens v. Powell*, 152 Md. 604, 608, 137 A. 312, and *Hamilton v. White*, 4 Barb. (N.Y.) 60; affirmed 5 N. Y. 9.

As pointed out by the chancellor in the case at bar, the question presented is not simply one of relocating

on the servient estate a right of way which previously existed at a different location on the same estate, but involves the surrender and abandonment of mutual easements and obligations to repair in a road occupying 7 feet of the complainants' property and 7 feet of the defendants' property along the boundary line. There is no suggestion that the complainants have abandoned their easement in the adjacent land, or have been relieved of their duty of contribution for the expense of repairing the old road. Their "acquiescence" in the deviation by the appellants from the old route, due to its obstruction from natural causes, does not imply consent to the creation of a new easement; at most it would only seem to indicate a permission, through failure to object, in the nature of a temporary license. The allegation as to "joint use" by the appellees of a way entirely upon their property likewise does not seem to imply a surrender of their rights in the boundary road. We think there were no unequivocal acts by the appellees to support an inference of abandonment. Compare *Volger v. Geiss,* 51 Md. 407; *Restatement, Property,* Sec. 504 (d) & (e); *Tiffany, Real Property,* 3rd Ed., Sec. 806.

*Decree affirmed with costs.*