KAHN ET UX. *v.* JANOWSKI ET UX.

[No. 205, October Term, 1947.]

282

*Decided July 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Justinus Gould* for the appellants.

*K. Michael Jeffrey* and *Arthur R. Padgett,* with whom was *Samuel J. Aaron* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Ray Janowski and Pauline Janowski, his wife, who have been occupying the property at 3307 Spaulding

Avenue in Baltimore since 1942 under a conditional contract of sale, entered this suit to obtain equitable relief from Richard A. Kahn and Alice Kahn, his wife, of Hyattsville, the owners of the property.

The contract of sale, a copy of which was filed as an exhibit with the bill of complaint, was signed November 21, 1942, by Kahn and Mrs. Janowski. Kahn agreed therein to sell the property, subject to ground rent, and several pieces of furniture for $3,900, the purchasers to assume the ground rent and also a mortgage on the property for the sum of $2,500, and to pay the balance of $1,400 by monthly installments of $60 each. The seller agreed to pay all taxes, ground rent, interest on mortgage, and insurance premiums until date of settlement. The purchasers agreed to pay for repairs and water rent. The contract, however, reserved to either the seller or the purchasers the option to rescind the contract at any time up to December 1, 1948, with the proviso that in case of rescission the monthly payments made by the purchasers shall be forfeited and considered as rent for the property.

Complainants allege in their bill that they paid $3,300 on the purchase price up to May, 1947, and that they painted the house at an expense of $350, built a porch at the rear of the house, installed a hot water tank and gas heater, and made other substantial improvements. They further allege that defendants informed them for the first time in May, 1947, that they intend to cancel the contract, and treat them as lessees. In order to avoid a forfeiture, complainants offer to pay whatever balance is due to defendants. They aver that the fair rental value of the property is between $35 and $40 per month. They pray for the following relief: (1) specific performance of the contract, (2) an injunction against dispossession, (3) an accounting to determine the amount due under the contract, and (4) a declaration that the property is impressed with a trust for the benefit of complainants. Defendants demurred to the bill, and from an order overruling their demurrer they entered this appeal.

Defendants objected to the exhibit for the reason that the typewritten copy of the contract is not certified. General Equity Rule 4 provides: "No order or process shall be made or issued upon any bill, petition, or other paper, until such bill, petition, or other paper, together with all the exhibits referred to as parts thereof, be actually filed with the Clerk of the Court." Code 1939, art. 16, sec. 164. The purpose of this rule is to prevent the passage of any order or decree upon a bill or petition until all of its parts are filed, so that any order or decree will relate to a complete paper, all parts of which are of record for the inspection of any persons concerned. *Sears v. Barker*, 155 Md. 323, 141 A. 908; *Becker v. Minber Corporation*, 177 Md. 583, 586, 10 A. 2d 707; *Spangler v. Dan A. Sprosty Bag Co.*, 183 Md. 166, 175, 36 A. 2d 685. If copies of written instruments upon which the right to equitable relief depends are not filed with the bill, defendants may demur. *Beachey v. Heiple*, 130 Md. 683, 693, 101 A. 553. General Equity Rule 4 also provides that no injunction or order appointing a receiver shall be issued until the originals or certified copies of instruments of record and verified copies of all documents not of record necessary to show the character and extent of the complainant's interest in the suit shall have been filed, if in possession of the complainant or accessible to him; if not, that fact shall be stated in the bill or petition. Code 1939, art. 16, sec. 164; *Plitt v. Kaufman*, 188 Md. 606, 53 A. 2d 673. There is no express requirement that exhibits shall be verified, except for injunctions or orders appointing receivers. While it is desirable that instruments filed as exhibits be verified, nevertheless there is no reason why the bill in this case should be dismissed merely because an exhibit was not verified. If there is any question about the correctness of the copy of the contract filed with the bill, the chancellor can require complainants to produce a verified copy.

The principal ground of demurrer in this case is that the contract can be rescinded by either the seller or the buyers. It is well settled that a court of equity will not

decree specific performance of any contract which one of the parties may rescind at will. The Court will not interfere in a case where, if it were to do so, one of the parties might nullify its action by exercising a discretion given him by the terms of the contract. *Reichert v. Pure Oil Co.,* 164 Minn. 252, 204 N. W. 882; *Southern Express Co. v. Western North Carolina R. Co.,* 99 U. S. 191, 25 L. Ed. 319. It would manifestly be improper to impose upon the Court the task of investigating a controversy when the facts are such as to preclude any decree it may render from being conclusive. As the contract in this case provides that either the seller or the purchasers may rescind it at any time prior to December 1, 1948, and defendants have given notice that they will rescind the contract, it would be an idle ceremony for the Court to enter a decree, which defendants would render ineffective.

Complainants, however, have stated that they instituted this suit in order to prevent defendants from taking unfair advantage of them, and they will be satisfied with a decree which will award them reimbursement for any amount to which defendants are not justly entitled. Complainants were given possession of the property and have been paying for it in monthly installments, while the seller has retained the title. The parties agreed that if the contract is rescinded prior to December 1, 1948, all payments made by the purchasers shall be forfeited and considered as rent. Complainants claim that, while they have paid $60 per month, the fair rental value of the property is very much less. It is an accepted rule that where parties are competent to contract, neither party can be relieved from his promises merely because he did not use good business judgment or because the contract was not as profitable as expected, in the absence of fraud, undue influence, or mistake in making the agreement. *Poe v. Ulrey,* 233 Ill. 56, 84 N. E. 46; *Lea v. Blokland,* 122 Or. 230, 257 P. 801. Generally the parties to a contract may provide that it may be rescinded at the option of either party, and may fix the rights and

liabilities of each in the event of such rescission. For instance, in *Geiger v. Western Maryland R. Co.*, 41 Md. 4, 15, this Court held that where the parties to a contract have stipulated that a certain sum shall be paid by way of compensation upon a breach of the contract, or where the covenants to do certain acts, the damages from which are uncertain and incapable of being ascertained by any fixed pecuniary standard, the sum agreed upon will be considered as compensation for the breach and not as a penalty. Where the right to terminate a contract is reserved in the instrument itself, in the absence of fraud, undue influence, or mistake, such reservation is valid and will be enforced, if not contrary to equity and good conscience. *Morrissey v. Broomal*, 37 Neb. 766, 56 N. W. 383; *Republic Coal Co. v. W. G. Block Co.*, 195 Iowa 321, 190 N. W. 530, 534.

On the other hand, the doctrine has been adopted in equity that conditions and clauses of nullity are not to be executed according to the rigor of their terms so as to cause forfeitures, but each case should be submitted to the discretion of the court for a decision according to the nature and object of the provisions and all the circumstances of the case. This doctrine had long been established in the Roman law upon the principles of natural justice. The jurisdiction to relieve against forfeitures is exercised on the principle that a party having a legal right shall not be permitted to avail himself of it for purposes of injustice and oppression. As Justice Story pointed out, equity should mold the law of penalties and forfeitures into harmony with more humane standards of conduct, and provide some means of preventing the mischiefs of improvidence and blind confidence on one side, and cunning and avarice and a gross violation of morality on the other. 3 *Story, Equity Jurisprudence*, 14th Ed. sec. 1728.

That a court of equity will not enforce a penalty or a forfeiture has long been established. *Lincoln v. Quynn*, 68 Md. 299, 306, 11 A. 848, 6 Am. St. Rep. 446; *Horsburg v. Baker*, 1 Pet. 232, 26 U. S. 232, 7 L. Ed. 125, 127. How-

ever, a forfeiture is not necessarily invalid. It has been held that where a purchaser of land has made partial payments on the purchase price, and then refuses to pay the balance due, although the seller is ready and willing to fulfill his part of the contract, the purchaser cannot maintain an action to recover the payments made. *Ketchum v. Evertson,* 13 Johns., N. Y. 359, 7 Am. Dec. 384; *Keefe v. Fairfield,* 184 Mass. 334, 68 N. E. 342; *Sanders v. Brock,* 230 Pa. 609, 79 A. 772, 35 L. R. A., N. S., 532. It is recognized, however, that where a purchaser of land has been given immediate possession and the beneficial enjoyment thereof, the situation is distinguishable from the ordinary executory contract of sale.

The case before us is unique in that there has been no default in payment or any other breach of contract. The so-called forfeiture is not actually a forfeiture at all within the usual meaning of the word. The word "forfeiture" is generally defined as the loss and deprivation of property in consequence of some offense or breach of duty. 17 *Words and Phrases,* Perm. Ed., pages 318-337. The case is also unusual in that the purchasers have occupied the property for nearly six years before receiving any indication that the contract would be rescinded. Complainants assert that they realize that they cannot be awarded all the relief prayed. They indicate that they would accept the property if defendants should decide not to rescind before December 1, 1948. On the other hand, they claim that they have expended much more than they would have done if they had thought that the contract would be rescinded. It can readily be seen that a great injustice might be done by rescission after the lapse of six years, causing complainants to lose all the benefits of the improvements made to the property, if defendants had given them reason to believe that the sale would be consummated. However, the bill as filed does not state that complainants were lulled into security, and we cannot change the terms of the contract. The chancellor, however, would be justified in permitting amendments to the bill and in exploring the facts to ascer-

tain what improvements have been made to the property, and if it should be found that complainants, lulled into the belief that they would receive a deed for the property, had spent substantial sums in improving it, the chancellor might with propriety order defendants to reimburse them for these expenses. Where a contract is made for the sale of land, the vendor and vendee are each deemed in equity as trustee for the other. *Lea v. Blokland,* 122 Or. 230, 257, P. 801.

The Maryland statute relating to appeals from courts of equity provides that an appeal shall be allowed from any final decree, or order in the nature of a final decree. Code 1939, art. 5, sec. 30. It is held by this Court that an order either sustaining or overruling a demurrer to an entire bill of complaint is an order in the nature of a final decree, from which an appeal lies, because it decides the vital question of the right of the complainant to proceed with the case presented by the bill. When a defendant files a demurrer to the whole bill, he challenges the jurisdiction of the court or denies that the bill states such a case as he can lawfully be required to answer and defend. The purport of such a demurrer is a denial that the complainant has any right whatever to bring the defendant into court on the case presented. *Young v. Cockman,* 182 Md. 246, 34 A. 2d 428, 149 A. L. R. 1006; *Miller v. Massachusetts Mutual Life Insurance Co.,* 183 Md. 19, 27, 36 A. 2d 517; *Lessans v. Lessans,* 184 Md. 549, 553, 42 A. 2d 132, 171 A. L. R. 1430; *Borchert v. Borchert,* 185 Md. 586, 590, 45 A. 2d 463, 162 A. L. R. 1078. But it is also an established rule that where a demurrer is filed to the whole bill, but the bill contains some allegations sufficient to give equity jurisdiction, the demurrer must be overruled. *Miller v. Baltimore County Marble Co.,* 52 Md. 642, 646; *Levin v. Hirschman,* 158 Md. 162, 148 A. 228; *Atlantic Lumber Corporation v. Waxman,* 162 Md. 191, 159 A. 593.

As complainants prayed for specific performance, accounting, declaration of trust and other relief, and it appears that complainants are not entitled to specific per-

formance, but may be entitled to other relief prayed in the bill, the demurrer was properly overruled. We will therefore affirm the chancellor's order and remand the cause for further proceedings.

*Order affirmed and cause remanded, with costs.*