## HALDAS *v.* COMMISSIONERS OF CHARLESTOWN

[No. 139, October Term, 1954.]

*Decided May 16, 1955.*

The cause was argued before BRUNE, C. J., and DELA-
PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*J. Edgar Harvey,* with whom were *Edward D. E. Rol-
lins* and *Harvey & Cropper* on the brief, for the appellant.

*G. Reynolds Ash,* with whom was *J. Albert Roney, Jr.,*
on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

In this suit in equity, Thomas Haldas, an owner of
real estate in Charlestown, Cecil County, asked the Cir-
cuit Court for Cecil County to declare unconstitutional
Chapter 706 of the Laws of 1953, which adopts a plat
of the lots in that town, and to enjoin the Commissioners
of Charlestown, its agents, servants, and employees, from
entering upon his property and exercising any rights or
privileges under that Act.

The preamble of the Act recites that Charlestown was
created by Chapter 23 of the Laws of 1742, and in pur-
suance of that Act John Veazy made a survey by which
the town was laid out; that one plat of the survey was
delivered to the Governor of the Province, and another
to the Clerk of the County, but the plat filed in the county
records was lost or destroyed; that in 1836 John Janney
made a copy of the plat, copies of which are still in use;
that over the years owners of lots failed to confine their
properties within the bounds as shown on the plat and
have encroached upon the streets; that in 1952 the town
engaged Price and Price, a firm of civil engineers, to
make a survey of the town establishing the original lines;
and that the Act of 1953 adopts the plat made by them.

The bill of complaint alleged that complainant is the
owner of certain lots on both sides of Water Street and
both sides of Frederick Street, designated as lots 9, 10,
11, 19, 20 and 30, and the lot known as the Sunken Lot;
and certain lots located on the northwest side of Calvert
Street, and on the northeast side of Louisa Lane, desig-
nated as lots 42 and 49; and also a leasehold interest in
lots 18 and 29 on the plat of Charlestown. The bill then

alleged that from time immemorial complainant and his predecessors in title have used and occupied this land continuously "up to and abutting upon the lines of the streets as they now exist and are actually laid out." It alleged that the Legislature of Maryland has attempted to deprive him of his property by an Act which, by adopting a revised plat of Charlestown, purports to increase the width of the streets from 15 to 50 feet and to claim title in the beds of the streets as thus widened, although the streets have never been laid out as shown on the revised plat.

The bill charged that the Act is unconstitutional for five reasons: (1) it violates Article 8 of the Maryland Declaration of Rights because it exercises judicial power by declaring the municipal corporation to be the owner of the land beyond the lines of the streets as they are actually laid out and as they now exist; (2) it violates Article 19 of the Declaration of Rights because it deprives him of "remedy by the course of the Law of the Land" and substitutes a mere fiat; (3) it violates Article 23 of the Declaration of Rights because it attempts to disseize him of his freehold and deprives him of his property without "the judgment of his peers, or the Law of the Land"; (4) it violates Article 3, Section 40, of the Constitution of Maryland because it takes private property for public use without just compensation; and (5) it deprives him of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

The bill finally alleged that complainant will suffer irreparable loss and damage unless the Court intervenes in his behalf, since defendant has threatened to take his property without compensation under the authority of a statute which is utterly void, and he does not have an adequate remedy in a court of law.

Defendant, in its answer to the bill, denied that the Act takes any property to which complainant has legal title, and asserted that the Act is not unconstitutional, as it merely requires complainant to vacate property

which belongs to defendant, and to remove any improvements which complainant has wrongfully erected thereon, so that defendant may improve the streets in accordance with a street improvement plan which will be for the welfare of the residents of the town.

Complainant demurred to the answer. He assigned as the reasons for the demurrer that the answer did not disclose any defense, and that the Act of 1953 is unconstitutional.

On July 13, 1954, the chancellor filed an opinion in which he said that it was unnecessary to pass upon the constitutionality of the Act, as it appeared from its preamble that it takes nothing from the lot owners but grants them the ground between the old street lines and the new street lines. He said that he would dismiss the bill for two reasons: (1) because of complainant's failure to file necessary exhibits, and (2) because the bill and answer raised a question of title to real estate, which is not cognizable in a court of equity.

On October 28, 1954, the chancellor passed a decree dismissing the bill. Complainant thereupon entered an appeal to the Court of Appeals.

First, we consider the chancellor's objection that complainant failed to file the plats and deeds as exhibits with his bill of complaint. General Equity Rule 4, upon which the chancellor relied, provides as follows:

> "No order or process shall be made or issued upon any bill, petition, or other paper, until such bill, petition, or other paper, together with all the exhibits referred to as parts thereof, be actually filed with the Clerk of the Court. Nor shall any injunction, or restraining order, or order appointing a receiver issue until the originals or duly certified copies of all deeds, or other instruments of record, and vertified copies of all documents, papers or writings not of record, necessary to show the character and extent of the complainant's interest in the suit shall have been filed, if said instruments of writing be in possession of the plaintiff or accessible

to him; if not, that fact shall be stated in the bill or petition."

The purpose of the first part of Rule 4 is to prevent the passage of any order or decree upon a bill or pretition until all its parts are filed, so that any order or decree will relate to a complete document, all parts of which are on record for the inspection of any persons interested in the matter. *Sears v. Barker,* 155 Md. 323, 141 A. 908; *Becker v. Minber Corporation,* 177 Md. 583, 586, 10 A. 2d 707. If copies of written instruments upon which the right to equitable relief depends are not filed with the bill, the defendants may demur. *Beachey v. Heiple,* 130 Md. 683, 693, 101 A. 553; *Kahn v. Janowski,* 191 Md. 279, 284, 60 A. 2d 519.

The second part of Rule 4 requires that all exhibits shall be verified before the court issues a writ of injunction or an order appointing a receiver. We have often stated that an applicant for an injunction must make a frank disclosure of all the essential facts within his knowledge concerning the subject matter of the suit. He should present to the court strong *prima facie* evidence of the facts upon which his equity rests. Hence, where the complainant's right to an injunction is based upon a written instrument, which is in his possession or to which he has ready access, either the instrument itself or an authenticated copy of it should be filed with the bill of complaint so that the court can see whether he is entitled to the relief prayed. *City of Baltimore v. Weatherby,* 52 Md. 442, 450; *Gottschalk v. Stein,* 69 Md. 51, 58, 13 A. 625; *City of Baltimore v. Keyser,* 72 Md. 106, 115, 19 A. 706; *Nagengast v. Alz,* 93 Md. 522, 49 A. 333; *Plitt v. Kaufman,* 188 Md. 606, 614, 53 A. 2d 673; *Clark v. Todd,* 192 Md. 487, 64 A. 2d 547.

Of course, it is not necessary to file as exhibits all written instruments referred to in a bill of complainant even for the issuance of an injunction. Instruments which are only items of proof as links in the chain of evidence may not be necessary exhibits. *Sears v. Barker,* 155 Md. 323, 141 A. 908; *Plitt v. Kaufman,* 188 Md. 606, 614, 53 A. 2d 673; *Kahn v. Janowski,* 191 Md. 279, 284,

60 A. 2d 519. Even where the complainant fails to file necessary exhibits, the chancellor may permit him to correct the deficiency, provided that after the bill is amended a proper case might be made out for the intervention of equity. *Morton v. Grafflin*, 68 Md. 545, 556, 13 A. 341, 343. However, although failure to file necessary exhibits procludes injunction relief, it does not proclude any general relief to which the plaintiff may be entitled. *Miller v. Baltimore County Marble Co.*, 52 Md. 642, 646; *Spangler v. Dan A. Sprosty Bag Co.*, 183 Md. 166, 176, 36 A. 2d 685.

In the pending case no preliminary injunction was granted or asked for. Defendant did not demur to the bill of complaint. The fact that complainant did not file any plats or deeds with the bill did not warrant dismissal of the bill, although complainant may find it necessary to introduce them in evidence.

We pass now to the chancellor's second reason for dismissal of the bill, that a court of equity has no jurisdiction to decide any question concerning the title to real estate. It is true that it has been broadly stated that where the title to real estate is in dispute, and it appears that there is some ground for the controversy, a court of equity, in a suit seeking injunctive relief as a primary and not as an ancillary remedy, will not interpose its aid except for temporary protective purposes until the question of the title can be decided in a court of law. *Oberheim v. Reeside*, 116 Md. 265, 81 A. 590; *Howard v. Western Maryland Ry. Co.*, 138 Md. 46, 113 A. 574; *Diener v. Wheatley*, 191 Md. 690, 62 A. 2d 783. But it has long been recognized that this is a general rule which is subject to exceptions and which is not followed strictly in modern practice. As we pointed out in *Smith v. Shiebeck*, 180 Md. 412, 418, 24 A. 2d 795, even though the pleadings in a court of equity present conflicting contentions of the parties as to title, and evidence is adduced to support their contentions, yet if it appears that there is no reasonable ground for the dispute, the chancellor has the right to determine the question of title and grant an injunction without waiting for a decision on the ques-

tion by a court of law. Also, as we pointed out in *Potomac Edison Co. v. Routzahn*, 192 Md. 449, 65 A. 2d 580, and *Lichtenberg v. Sachs*, 200 Md. 145, 157, 88 A. 2d 450, courts of equity have for many years been issuing decrees to enjoin trespasses on land and interferences with easements. Moreover, a court of equity may grant a temporary injunction to preserve the disputed property from irreparable damage until the question of title is tried and determined in a court of law.

In this case we call particular attention to the fact that defendant failed to raise any question of jurisdiction in the Circuit Court. By acquiescing in complainant's choice of the court of equity as the forum for the case, defendant waived the question of jurisdiction. Code 1951, art. 5, sec. 41; *Weeks v. Lewis*, 189 Md. 424, 426, 56 A. 2d 46; *Bogley v. Barber*, 194 Md. 632, 641, 72 A. 2d 17; *Feldstein v. Segall*, 198 Md. 285, 294, 81 A. 2d 610.

After all, the ultimate question raised by this case is the constitutionality of Chapter 706 of the Laws of 1953. It is possible, of course, that the chancellor may find reasonable ground for a dispute over boundary lines which would demand a decision before the question of constitutionality could be decided. On the other hand, it is equally possible that, after all of the plats and deeds are introduced in evidence and carefully compared, the chancellor may not find any reasonable ground for a dispute over the boundary lines.

As the chancellor should decide the factual questions as to title and thereupon the question of the constitutional validity of the statute before they are considered by the Court of Appeals, we will reverse the decree dismissing the bill and remand the case for further proceedings.

*Decree reversed and case remanded, with costs.*